JUDGE LYNCH

CV 5339

Brent E. Pelton (BP-1055)
PELTON SERPE LLP
111 Broadway, 9th Floor
New York, New York 10006
(Phone) (212) 286-1425; (Fax)(212) 59?-????

RECEIVED
JUN 1 1 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

RENEARD HARRIS, SHAWN HAMPTON,                    :    ECF
IYONNA DOCKERY and JAMES HAYES,                   :
Individually and on Behalf of All Other Persons   :    08 Civ. _____
Similarly Situated,                               :
                              Plaintiffs,         :
                                                  :    **COMPLAINT AND**
          -against-                               :    **JURY DEMAND**
                                                  :
T&H SECURITY, INC., CITADEL SPECIAL               :
EVENTS SERVICES, INC., THOMAS FERRARA,:
REIDA FERRARA, TYRONE A. YORIS and                :
JOHN DOES #1-10, Jointly and Severally,           :
                                                  :
                              Defendants.         :

-------------------------------------------------------------X

Plaintiffs, through their attorneys, complaining of Defendants, allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs allege on behalf of themselves and all other similarly situated current

and former employees of the Defendants who elect to opt into this action pursuant to the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b) that they are: (i) entitled to unpaid wages

from Defendants for hours worked as well as for overtime hours worked for which they did not

receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages

pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2.      Plaintiffs further complain, on behalf of themselves and a class of other similarly

situated current and former employees of the Defendants, pursuant to Fed.R.Civ.P. 23, that they

are entitled to back wages from Defendants for work performed and for overtime work

1

performed for which they did not receive regular and overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.      Venue is proper in this district pursuant to 28 U.S.C. §1391.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6.      Plaintiff Reneard Harris was, at all relevant times, an adult individual residing in Bronx County, New York.

7.      Plaintiff Shawn Hampton was, at all relevant times, an adult individual residing in Richmond County, New York.

8.      Plaintiff Iyonna Dockery was, at all relevant times, an adult individual residing in Bronx County, New York.

9.      Plaintiff James Hayes was, at all relevant times, an adult individual residing in Bronx County, New York.

10.     Upon information and belief, Defendants T&H SECURITY, INC. and CITADEL SPECIAL EVENTS SERVICES, INC. (individually or Collectively the "Corporate Defendant") are each a New York corporation, with its principal place of business at 34 91st Street, Suite B,

2

Brooklyn, N.Y. 11209.

11.    Upon information and belief, Defendant THOMAS FERRARA, REIDA

FERRARA, and TYRONE A. YORIS (the "Individual Defendants") are each an officer,

director and/or managing agent of the Corporate Defendant.

12.    The addresses of the Individual Defendants are unknown at this time

13.    The Individual Defendants each participated in the day-to-day operations of the

Corporate Defendant and acted intentionally and maliciously and are "employers" pursuant to

the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well

as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally

liable with the Corporate Defendant.

14.    Upon information and belief, John Does #1-10 represent the officers, directors

and/or managing agents of the Corporate Defendant, whose identities are unknown at this time

and who participated in the day-to-day operations of the Corporate Defendant and acted

intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and

regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec.

2 and the regulations thereunder and are jointly and severally liable with the Corporate

Defendant.

**COLLECTIVE ACTION ALLEGATIONS**

15.    Pursuant to 29 U.S.C. §207, Plaintiffs seek to prosecute their FLSA claims as a

collective action on behalf of all persons who are or were formerly employed by Defendants at

any time since June 11, 2005 to the entry of judgment in this case (the "Collective Action

Period"), who were non-exempt employees within the meaning of the FLSA and who were not

paid overtime compensation at rates not less than one and one-half times the regular rate of pay

for hours worked in excess of forty hours per workweek (the "Collective Action Members").

16.    This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are in excess of forty (40) members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

17.    Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

18.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

19.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because the Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

        a.    whether the Defendants employed the Collective Action members within the meaning of the FLSA;

4

b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Collective Action Members;

c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d. whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

e. whether Defendants failed to pay the Collective Action Members for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

g. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

h. whether Defendants should be enjoined from such violations of the FLSA in the future.

20.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

21.    Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

22.    Plaintiffs bring their New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since June 11, 2002, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid regular wages and overtime wages in violation of the New York Labor Law (the "Class").

23.    The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are in excess of forty (40) members of Class during the Class Period.

24.    The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

25.    The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

26.    Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

27.    Plaintiffs have the same interests in this matter as all other members of the class and Plaintiffs' claims are typical of the Class.

28.    There are questions of law and fact common to the Class which predominate over

6

any questions solely affecting the individual members of the Class, including but not limited to:

    a. whether the Defendants employed the members of the Class within the meaning of the New York Labor Law;

    b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and members of the Class;

    c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    d. whether Defendants failed and/or refused to pay the members of the Class for all hours worked as well as premium pay for hours worked in excess of forty hours per workweek within the meaning of the New York Labor Law;

    e. whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees; and

    f. whether the Defendants should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF FACTS

29.    At all relevant times, Defendants maintained and operated a security guard company with over 40 security guard employees working at numerous sites.

30.    Plaintiff Reneard Harris was employed as a security guard by the Defendants from on or about 2001 until on or about March 2007 ("Harris time period").

31.    Plaintiff Shawn Hampton was employed as a security guard by the Defendants from on or about December 2001 until on or about January 2008 ("Hampton time period").

32.    Plaintiff Iyonna Dockery was employed as a security guard by the Defendants

7

during the Class and Collective Action periods.

33.    Plaintiff James Hayes was employed as a security guard by the Defendants from on or about 2000 until on or about March 2007 ("Hayes time period").

34.    Plaintiffs' work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

35.    The work performed by Plaintiffs required little skill and no capital investment. Plaintiffs' duties did not include managerial responsibilities or the exercise of independent judgment.

36.    Plaintiffs often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiffs any compensation for all of the hours worked by Plaintiffs as well as overtime compensation of one and one-half times Plaintiffs' regular hourly rate, in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

37.    In addition to the Plaintiffs, during the time period Defendants usually employed at least 40 other employees simultaneously.

38.    Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until today, the Defendants have likewise employed other individuals, like the Plaintiffs (the Collective Action Members/the Class) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

39.    Such individuals have worked in excess of 40 hours a week, yet the Defendants

8

have likewise willfully failed to pay them any compensation for all of the hours worked by them as well as overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

40.    As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

41.    Throughout all relevant time periods, upon information and belief, and during the course of Plaintiffs' own employment, while Defendants employed Plaintiffs and the Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records.

42.    Upon information and belief, throughout all relevant time periods and during the course of Plaintiffs' own employment and while Defendants employed Plaintiffs and the Collective Action Members, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT

43.    Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

44.    At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45.    At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

46.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.00.

9

47.    Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). The named Plaintiffs' written consent is attached hereto and incorporated by reference.

48.    At all relevant times, the Defendants had a policy and practice of refusing to pay employees for all the hours worked by them as well as refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

49.    As a result of the Defendants' willful failure to compensate its employees for all the hours worked by them, including Plaintiffs and the Collective Action members, for all the hours worked by them, and failure to compensate its employees at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

50.    As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

51.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

52.    Due to the Defendants' FLSA violations, Plaintiffs and the Collective Action Class are entitled to recover from the Defendants, their unpaid compensation including overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW

53.    Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

54.    At all relevant times, Plaintiffs and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

55.    Defendants willfully violated Plaintiffs' rights and the rights of the members of the Class by failing to pay them compensation for all of their hours worked, overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Labor Law and its regulations.

56.    The Defendants' New York Labor Law violations have caused Plaintiffs and the members of the Class irreparable harm for which there is no adequate remedy at law.

57.    Upon information and belief, Defendants required Plaintiffs and members of the Class to wear uniforms but did not pay to have the uniforms to be laundered and maintained.

58.    Upon information and belief, Defendants have failed to compensate Plaintiffs for the laundering and maintenance of their uniforms as required by the New York Labor Law. *See* 12 N.Y. COMP. CODES R & REGS. Parts 137-1.8(c), 138-2.5(c), 141-1.8(c), 142-2.5(c)(3), 142-3.5(c)(3). Accordingly, Defendants are required now to compensate Plaintiffs and the members of the Class for the laundering and maintenance of their uniforms.

59.    Due to the Defendants' New York Labor Law violations, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid wages and unpaid overtime compensation, reimbursement for cleaning and laundering uniforms, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §

11

663(1) et al.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class, respectfully request that this Court grant the following relief:

a.    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiffs and their counsel to represent the Class;

b.    An order tolling the statute of limitations;

c.    Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent the Collective Action members;

d.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

e.    An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.    An award of wages and uniform maintenance costs and unpaid overtime

compensation due under the FLSA and the New York Labor Law;

g.      An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216 and the New York Labor Law;

h.      An award of damages for the cleaning and laundering of uniforms;

i.      An award of prejudgment and postjudgment interest;

j.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
      June 11, 2007

PELTON SERPE LLP

By: _Brent E. Pelton_____

Brent E. Pelton (BP 1055)

Attorney for Plaintiffs, Individually, and
on Behalf of All Other Persons Similarly Situated

111 Broadway, 9th Floor
New York, New York 10006
Telephone: (212) 725-3600
Facsimile: (212) 385-4600

May 28, 2008
Page 6

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of T&H Security, Inc., Citadel Special Events Services, Inc., and/or its owners and affiliates to pay me overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

Reneard Harris     5/28/08                Reneard Harris
_____    _____             _____
Signature          Date                  Printed Name

May 28, 2008
Page 6

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of T&H Security, Inc., Citadel Special Events Services, Inc., and/or its owners and affiliates to pay me overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_Lyanna Dockery_  _5/30/08_
Signature        Date

_Iyonna Dockery_
Printed Name

June 10, 2008
Page 6

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of T&H Security, Inc., Citadel Special Events Services, Inc., and/or its owners and affiliates to pay me overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_____   _6/10/08_        _____
Signature                 Date                 Printed Name

June 5, 2008
Page 6

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of T&H Security, Inc., Citadel Special Events Services, Inc., and/or its owners and affiliates to pay me overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____    6/05/2008          JAMES HAYES
Signature                    Date                 Printed Name